UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN BOWENS, | CIVIL ACTION NO. |
| Plaintiff, | SECTION: |
| vs. | MAGISTRATE: |
| CONVERGENT OUTSOURCING, INC., a Washington corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

NOW INTO COURT, Plaintiff, KAREN BOWENS (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*. Upon information and belief, DEFENDANT has a practice and policy of calling individuals on their cellular telephone numbers, without their express prior consent, and with the use of an automatic telephone dialing system.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because PLAINTIFF and DEFENDANT reside and/or do business in the Eastern District of Louisiana. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in New Orleans, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. CONVERGENT OUTSOURCING, INC. (hereinafter referred to as "DEFENDANT") is a Washington corporation which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. At all relevant times herein, DEFENDANT was and is a "person" as defined by 47 U.S.C. § 153(39).

## STATEMENT OF FACTS

10. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11. Upon information and belief, at all relevant times herein, DEFENDANT used, controlled, and/or operated an "automatic telephone dialing system" (also referred to herein as an "autodialer") as defined by the TCPA, 47 U.S.C. § 227(a)(1), 47 C.F.R. § 64.1200(f)(2), and

the July 10, 2015 Federal Communications Commission TCPA Omnibus Declaratory Ruling and Order.

12. DEFENDANT's employees performed the acts alleged in this Complaint while acting within the scope of their actual or apparent authority.

13. In or about May, 2016, DEFENDANT began placing telephone calls to PLAINTIFF's cellular telephone service in the attempt to collect a consumer debt.

14. In a telephonic conversation with DEFENDANT, PLAINTIFF revoked her consent to be called on her cellular telephone.

15. Despite revoking her consent to be called, DEFENDANT continued to call PLAINTIFF approximately six times per day and five days per week.

16. Upon information and belief, DEFENDANT used an autodialer to make these phone calls.

17. PLAINTIFF alleges that DEFENDANT uses an autodialer because PLAINTIFF regularly received a high volume of phone calls at the same time each day.

18. As a direct result of DEFENDANT's calls placed to her cellular telephone services, PLAINTIFF experienced the invasion of her privacy, the unwanted deprivation of the use of her cellular phones, inconvenience, and the loss of electricity used during the reception of said phone calls.

19. Further, PLAINTIFF experienced the concrete injury of the invasion of her legally protected interest to be free from harassing phone calls, such that she has standing for purposes of Article III of the U.S. Constitution.

20. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF is entitled to statutory damages and may have also suffered damages in other ways and to other

extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE TCPA 27 U.S.C. § 227(b)(1)
BROUGHT BY PLAINTIFF INDIVIDUALLY**

21. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 20 inclusive, above.

22. The TCPA provides the following:

> (1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>
>> […]
>>
>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b).

23. The TCPA defines an "automatic telephone dialing system" (also known as an "autodialer") as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." 47 U.S.C. § 227(a)(1).

24. Upon information and belief, at all relevant times herein, DEFENDANT used, controlled, and/or operated an "automatic telephone dialing system" (also referred to herein as an "autodialer") as defined by the TCPA, 47 U.S.C. § 227(a)(1), 47 C.F.R. § 64.1200(f)(2), and the July 10, 2015 Federal Communications Commission TCPA Omnibus Declaratory Ruling and Order.

25. DEFENDANT's employees performed the acts alleged in this Complaint while acting within the scope of their actual or apparent authority.

26. In or about May, 2016, DEFENDANT began placing telephone calls to PLAINTIFF's cellular telephone service in the attempt to collect a consumer debt.

27. In a telephonic conversation with DEFENDANT, PLAINTIFF revoked her consent to be called on her cellular telephone.

28. Despite revoking her consent to be called, DEFENDANT continued to call PLAINTIFF approximately six times per day and five days per week.

29. Upon information and belief, DEFENDANT used an autodialer to make these phone calls.

30. At all relevant times herein, DEFENDANT did not make the calls for emergency purposes.

31. PLAINTIFF alleges that DEFENDANT used an autodialer because DEFENDANT would regularly call PLAINTIFF at the same time of day, and called PLAINTIFF an excessive amount of times.

32. Even if DEFENDANT was not using autodialing capabilities when calling PLAINTIFF's cellular telephone numbers, DEFENDANT used an autodialer if its dialing equipment had the capacity to store or produce, and dial random or sequential numbers.

33. The Federal Communications Commission ("FCC"), who retains rulemaking authority under the TCPA (*see* 47 U.S.C. § 227(b)(2)), recently wrote the following regarding the definition of "autodialer":

> We reaffirm our previous statements that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") even if it is not presently used for that purpose, including when the caller is calling a set list of consumers.

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C.R. 7961, 7971-72 (F.C.C. July 10, 2015).

34. The FCC expressly rejected the argument that an autodialer must have the "present ability" or "present capacity" to dial random or sequential numbers in order to qualify under the statutory definition:

> We agree with commenters who argue that the TCPA's use of "capacity" does not exempt equipment that lacks the "present ability" to dial randomly or sequentially. We agree that Congress intended a broad definition of autodialer, and that the Commission has already twice addressed the issue in 2003 and 2008, stating that autodialers need only have the "capacity" to dial random and sequential numbers, rather than the "present ability" to do so. Hence, any equipment that has the requisite "capacity" is an autodialer and is therefore subject to the TCPA.

*Id.* at 7974 (footnotes omitted).

35. The FCC previously rejected the same argument: "[In the 2003 TCPA Order,] the Commission implicitly rejected any 'present use' or 'current capacity' test. In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." *Id.*

36. Therefore, based on the above indications and the definition contained in the July 10, 2015 FCC TCPA Omnibus Declaratory Ruling and Order, PLAINTIFF alleges that

DEFENDANT used an autodialer when making calls to her cellular telephone numbers without her express prior consent.

37. As a result of these calls, DEFENDANT is liable for actual damages, statutory damages and treble damages.

38. PLAINTIFF is entitled to damages totaling $500.00 per call. See 47 U.S.C. § 227(b)(3).

39. PLAINTIFF further alleges that DEFENDANT caused said telephone calls to be placed willfully and/or knowingly, entitling PLAINTIFF to the maximum of treble damages, or $1,500.00 per call. *Id.*

40. PLAINTIFF alleges that DEFENDANT placed approximately 700 calls to her cell phone without her consent with use of an autodialer.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692d
### BROUGHT BY PLAINTIFF INDIVIDUALLY

41. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 40 above.

42. "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

43. In or about May, 2016, DEFENDANT began placing telephone calls to PLAINTIFF's cellular telephone service in the attempt to collect a consumer debt.

44. In a telephonic conversation with DEFENDANT, PLAINTIFF revoked her consent to be called on her cellular telephone.

45. Despite revoking her consent to be called, DEFENDANT continued to call PLAINTIFF approximately six times per day and five days per week.

46. By continuing to call PLAINTIFF after she revoked her consent to be called, DEFENDANT engaged in conduct which had the natural and obvious result of harassing and abusing PLAINTIFF, and therefore violated 15 U.S.C. § 1692d.

47. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

48. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and is entitled to recovery reasonable attorneys' fees therefor.

### THIRD CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C §§ 1692d(5)
BROUGHT BY PLAINTIFF INDIVIDUALLY**

49. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 48 inclusive, above.

50. A debt collector is prohibited from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

51. In or about May, 2016, DEFENDANT began placing telephone calls to PLAINTIFF's cellular telephone service in the attempt to collect a consumer debt.

52. In a telephonic conversation with DEFENDANT, PLAINTIFF revoked her consent to be called on her cellular telephone.

53. Despite revoking her consent to be called, DEFENDANT continued to call PLAINTIFF approximately six times per day and five days per week.

54. By calling PLAINTIFF at a rate of six times per day, five times per week, over the course of a six-month period, DEFENDANT caused PLAINTIFF's telephone to ring repeatedly and continuously, with the intent to annoy or harass PLAINTIFF, in violation of 15 U.S.C. § 1692d(5).

55. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

56. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and is entitled to recovery reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

57. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and that judgment be entered against DEFENDANT for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to PLAINTIFF, not to exceed $1,500 per offending call, pursuant to 47 U.S.C. § 227(b)(3);

(4) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6)     For any and all other relief this Court may deem appropriate.

DATED this 1st day of December 2016.

                              **GESUND AND PAILET, LLC**

                              */s/ Keren E. Gesund, Esq.*
                              Keren E. Gesund, Esq.
                              Louisiana Bar No. 34397
                              3421 N. Causeway Blvd., Suite 805
                              Metairie, LA  70002
                              Tel: (504) 836-2888
                              Fax: (504) 265-9492
                              keren@gp-nola.com
                              Attorney for Plaintiff